DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Richard Espino, appeals a sentence imposed by the Lucas County Court of Common Pleas. For the reasons that follow, we affirm in part, reverse in part and remand for resentencing.
 {¶ 2} The complaint alleged that appellant committed various sexual acts with a child who lived in his apartment complex. The child visited appellant's apartment to play with the child of appellant's girlfriend. The visiting child stated while there that appellant showed her pornographic movies on his computer, performed oral sex on her, forced her to perform oral sex on him, and inserted his fingers into her vagina. Appellant admitted to showing the child pornographic movies but disputed that there was any sexual contact between them.
 {¶ 3} Appellant was indicted on one count of disseminating matter harmful to a juvenile, a felony of the fifth degree in violation of R.C. 2907.31(A)(1) and (E), and three counts of unlawful sexual conduct with a minor, a felony of the third degree in violation of R.C. 2907.04(A) and (B)(3). As the result of a plea agreement, appellant entered a plea pursuant NorthCarolina v. Alford (1970), 400 U.S. 25, to the charge of disseminating matter harmful to a juvenile to two counts of attempted unlawful sexual conduct with a minor, a fourth degree felony in violation of R.C. 2923.02 and 2907.04(A) and (B)(3). The third count of unlawful sexual conduct was dismissed. The trial court found appellant guilty on all counts and sentenced him to 11 months for disseminating matter harmful to a juvenile and 17 months for each count of attempted unlawful sexual conduct with a minor. The sentences were ordered to run consecutively pursuant to R.C. 2929.14(E)(4), for a total term of 45 months incarceration. The trial court also found appellant to be a sexually oriented offender. Appellant now appeals his sentence and sets forth the following assignments of error:
 {¶ 4} "First Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED IN BASING ITS SENTENCE IN PART ON ITS BELIEF THAT THE DEFENDANT WAS GUILTY OF OFFENSES THAT WERE DROPPED OR REDUCED AS PART OF THE PLEA AGREEMENT.
 {¶ 6} "Second Assignment of Error:
 {¶ 7} "THE TRIAL COURT ERRED BY PROCEEDING TO SENTENCE ONLY MOMENTS AFTER LEARNING THAT IT HAD BEEN MISTAKEN IN ITS BELIEF THAT THE DEFENDANT HAD PLED GUILTY TO FELONIES OF THE THIRD DEGREE.
 {¶ 8} "Third Assignment of Error:
 {¶ 9} "THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW AS EXPRESSED BY THE OHIO SUPREME COURT IN STATE V. FOSTER."
 {¶ 10} In his second assignment of error, appellant claims his sentence was the result of the trial court's erroneous belief that the charges of attempted unlawful sexual conduct with a minor were third degree felonies instead of fourth degree felonies. Although the court was corrected prior to imposing appellant's sentence, appellant contends that once learning of the mistake, the court immediately proceeded with sentencing without considering the change of felony degrees; specifically, that appellant was not afforded the presumption of community control granted to a fourth degree felony. R.C. 2929.13(B)(2)(b) grants a presumption for community control to fourth and fifth degree felonies, and relevantly provides: "* * * if the court does not make a finding described in division (B)(1) * * * of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 11} This presumption for community control may be overcome pursuant to R.C. 2929.13(B)(2)(a), which permits a term of imprisonment upon a finding that: one of the provisions of R.C.2929.13(B)(1) applies, a prison term is consistent with R.C.2929.11, and the defendant is not amenable to community control. Here, all of the findings necessary to overcome the presumption of community control are present in the sentencing order. At sentencing, the court found: "defendant did commit a sex offense [pursuant to R.C. 2929.13(B)(1)(f),] * * * the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11."
 {¶ 12} Trial courts exercise broad discretion in sentencing criminal defendants within the permitted statutory range. Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 91. Upon review, an appellate court may only modify, vacate, or remand the sentence if it is shown by clear and convincing evidence that the sentence is not supported by the record or that the sentence is contrary to law. R.C. 2953.08(G)(2)(a) and (b). In his argument, appellant asks us to presume that the trial court had formulated a sentence prior to learning that the offenses were fourth degree felonies instead of third degree felonies and that the sentence imposed was "tainted" by this mistake. Aside from speculation regarding the sentencing judge's thought process, appellant has shown no reason why the record does not support this sentence or that the sentence is contrary to law. As the sentence falls within the statutory limits for a felony of the fourth degree, appellant's second assignment of error is not well-taken.
 {¶ 13} Likewise, in appellant's first assignment of error, he contends that his sentence was based on conduct that was dropped or reduced as part of his plea agreement. However, because the sentence comes within the statutory range for the convicted crimes, they are permissible. Appellant's first assignment of error is not well-taken.
 {¶ 14} In his third assignment of error, appellant contends that his sentence is contrary to law as expressed in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In State v. Foster,
the Ohio Supreme Court found certain sections of the state's felony sentencing statutes to be unconstitutional because they required judicial fact-finding, which violates a criminal defendant's Sixth Amendment right to a jury trial. The sections at issue required judicial fact-finding before a judge could impose a sentence greater than the minimum required by statute, the maximum authorized by the jury's verdict, or the maximum authorized by the defendant's admission; before imposition of consecutive sentences; or before imposition of penalty enhancements. R.C. 2929.14(B), (D)(2), (E)(4). Foster applies to all criminal convictions pending on direct appeal and requires a new sentencing hearing for any sentence imposed pursuant to a severed section of the statute. 2006-Ohio-856, at ¶ 103-104.
 {¶ 15} The trial court expressly relied upon R.C.2929.14(E)(4)(b) by stating verbatim the findings necessary to impose consecutive sentences, both at the sentencing hearing and in its sentencing judgment entry of January 23, 2006. The trial court also relied on R.C. 2929.14(B) in determining the term of incarceration for each offense. Although the findings were not included in the sentencing judgment entry, they were read orally at the sentencing hearing pursuant to R.C. 2929.19(B)(2). Thus, both the terms of incarceration for each count and the consecutive aspect of appellant's sentence are void. Appellant is entitled to a new sentencing hearing. Appellant's third assignment of error is well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Skow, J. Concur.